## LOLA HEINZMAN v. THE STATE.

*No. 586.    Decided January 19.*
*Motion for Rehearing Decided February 9.*

1. **Theft—Felony Conviction—Sentence—Jurisdiction on Appeal.**—This court on appeal acquires no jurisdiction of a felony conviction where the sentence of conviction has not been pronounced in the trial court.

2. **Agreement to Turn State's Evidence—Limitation as to—Plea in Bar.**— On a trial for theft, where the defendant pleaded, in bar of the prosecution, an agreement with the prosecuting attorneys to the effect, that if she (the defendant) would give evidence for the State in a certain murder trial that she would not be prosecuted for the theft in this case, nor for any criminal connection with the murder case, including the perjury which she confessed she had committed on a trial of the murder case, *Held*, the plea was properly stricken out, the rule being, that such an agreement can only be made with a witness in regard to the particular transaction under investigation and any offense connected therewith, but not as to distinct offenses.

3. **Same.**—A witness who has made an agreement to turn State's evidence, in consideration of his immunity from prosecution, is entitled to nothing by such agreement if his testimony is corrupt.

APPEAL from the District Court of Tarrant.    Tried below before Hon. S. P. GREENE.

This appeal is from a conviction for theft of property over the value of $20, the punishment assessed being two years in the penitentiary.

Defendant filed a plea in bar and motion to dismiss the prosecution, as follows:

"Now upon this day comes Lola Heinzman, defendant in the above styled cause, and says that the State of Texas should not further prosecute her herein, and that the State of Texas ought through her county attorney to move this court to dismiss said cause from the docket of said court, and said county attorney ought to file his reasons why said cause should be dismissed, and that the defendant ought to be allowed to go hence without further restraint herein, and should not now nor in the future be placed on trial for the offense charged in the indictment herein; all of which defendant says and declares should be done by reason of a certain agreement made and entered into by and between this defendant and the State of Texas, heretofore, on, to wit, the 18th day of September, A. D. 1894, the same being a verbal and parol agreement, the terms of which are more fully set forth, as follows:    It was agreed by and between said State and defendant herein, that if defendant would tell all that she knew and testify in court concerning the murder of one Maggie Twomey, in Tarrant County, State of Texas (heretofore, on the —— day of ——, 1893), and concerning the parties who committed said murder, that the State of Texas would, through her representatives, dismiss from the docket of this honorable court said cause number 10,765, and that this defendant should not be ever put upon trial for the offense charged in said cause. That the agreement was made by the defendant in person, and on the

part of the State of Texas by Andrew H. Jackson and Charles M. Brown, who were then and there authorized and given authority to bind the said State in any agreement concerning the said cause number 10,765, in the District Court of Tarrant County, Texas; and also concerning any charge or charges that might be preferred, or any acts done by this defendant, in connection with the murder of said Maggie Twomey, either before or after the said Twomey was killed, or any act of this defendant in concealing the parties who killed said Twomey, or any act done by this defendant in testifying in any cause in which any one was charged with said murder in any court, or conspiracies to testify falsely, for the purpose of convicting of said crime an innocent person who did not kill said Twomey, and to clear the person who did kill said Twomey. That said Jackson and said Brown were duly authorized to bind the State of Texas in an agreement as above by O. S. Lattimore, who is and was then duly and legally appointed assistant of O. W. Gillespie, county attorney of Tarrant County, Texas, who (said Lattimore) had authority to make said agreement in person or through any other person. That pursuant to the above mentioned agreement defendant herein told said Jackson and Brown, that on the night before the body of deceased Maggie Twomey was found, the parties who killed the said Twomey (who were not in any way related or akin to defendant) came to defendant's house and told defendant that they had killed a woman, and were going to nail her up in a water closet. That said parties then left defendant's house. That later, said parties came back to defendant's house, and defendant entered into a conspiracy with them under which defendant was to testify against one A. Happy; that he (Happy) was the party who killed said Twomey. That later, Happy was charged with said murder, and that in a certain proceeding in the District Court of Tarrant County, Texas, in which he (Happy) was charged with said murder, and in which he was seeking through habeas corpus proceedings to reduce his (Happy's) bail under said charge of murder, of which proceeding said court had jurisdiction, that this defendant was duly sworn as a witness by the clerk of said court, who was authorized by law to administer such oath in said proceeding, and upon the witness stand defendant did testify, that upon the night before the body of said Twomey was found that she (defendant) saw said Happy running a woman around in his (Happy's) yard, and heard a pistol shot in the direction in which Happy and said woman went; which acts were material evidence against said Happy in said cause in which he was charged with murdering said Twomey, in this: said Twomey's body was found near the said Happy's place and yard the next day after the night on which defendant said that Happy was running a woman, and deceased (Twomey) was killed by a gunshot. And defendant's said testimony against said Happy was false, and defendant knew it was false. Defendant further told said Jackson and said Brown the names of said parties who killed said Twomey, and a great

many facts concerning said crime, all of which were true; and defendant told said Jackson and said Brown that she had, up to her said agreement, kept secret the crime of said parties, and that they had bribed and paid her (defendant) money to keep said crime secret. All of which defendant, since her said agreement, has been willing to testify about in any court or tribunal in which the State of Texas should desire her (defendant) to so testify against said parties, well and truly and faithfully, and is ready to do so now.

"Wherefore she (defendant) moves and asks that this cause be dismissed from this court's docket, as promised by the State of Texas, as shown above.          [Signed]          "LOLA HEINZMAN.

"Sworn to and subscribed before me, this 24th day of October, 1894.
"R. H. McNATT, District Clerk."

The assistant county attorney filed the following answer to said plea:

"Now comes O. S. Lattimore, assistant county attorney of Tarrant County, Texas, and, answering the affidavit of Lola Heinzman this day filed herein, denies all and singular the allegations in defendant's affidavit above referred to, and says that he never had any such agreement with said Lola Heinzman. That A. H. Jackson and C. M. Brown, who are and were her attorneys, came to this affiant and made an agreement with him concerning her proposed testimony in an investigation of the murder of one Maggie Twomey, to the effect, that if defendant would tell certain facts then stated by her attorneys, Jackson & Brown, to be within her knowledge concerning the killing of said Twomey, that she, the said defendant, would not be prosecuted for any criminal connection of her own with said killing, and would not be prosecuted for the offense of perjury growing out of the fact that she had theretofore sworn to a state of facts contrary to those which she proposed to now detail to said parties; that no reference was made to this case now pending, but that the agreement by said Lattimore, as assistant county attorney, was in reference to matters to be thereafter investigated, and concerning the murder of Miss Twomey.
          [Signed]          "O. S. LATTIMORE, Asst. Co. Attorney."

Upon the hearing of the plea, it was stricken out by the court.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction having been obtained for theft of property, an appeal was sought to be prosecuted. Notice of appeal was entered, but sentence, which is the final judgment in this character of felony, was not pronounced; hence, the jurisdiction of this court does not attach to such appeal.

The appeal is dismissed.

*Appeal dismissed.*

Judges all present and concurring.

## ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—On a former day of this term, we dismissed this case for want of a sentence. This defect has been remedied.

Appellant was convicted of theft. In bar to this prosecution, she set up an agreement made through her attorneys, Jackson & Brown, with the State; they (Jackson & Brown) claiming the right to represent the State, as well as the defendant, in this agreement. The substance of this agreement was, if the appellant would give evidence in a case involving the murder of Maggie Twomey, that she should not be prosecuted for this theft, nor for any criminal connection she might have had with the murder case, including perjury confessedly committed by appellant in the murder case. On motion, this plea was stricken out. In this there was no error. The rule is, that such an agreement can only be made with a witness in regard to a particular transaction under investigation. His protection extends to any connected offense which in good faith he discloses, as a part of the one to which he was admitted as a witness, though in truth the transaction constitutes a separate crime, but not two distinct offenses. 1 Bish. Crim. Proc., secs. 1164, 1165; Rex v. Lee, Russ. & R., 361; Rex v. Brunton, Id., 454; The People v. Whipple, 9 Cow., 707. There is no connection whatever shown by this plea between the theft in this case and the murder of Maggie Twomey. Again, if the testimony of a witness is corrupt, he is entitled to nothing by such agreement. Appellant deliberately states in her plea that she committed perjury in the Twomey murder case. Now, if a contract with the proper authorities, releasing her from any crime or offenses growing out of or pertaining to that case, had been made, and she had been placed upon trial for the murder, or any illegal connection with that murder, she could not claim the benefit of such contract, because of her perjury in that case.

The facts are not before us. The case is appealed alone upon the matters above discussed.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.